UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| OAO HEALTHCARE SOLUTIONS, INC., ) ) ) ) Plaintiff, ) ) v. ) ) NATIONAL ALLIANCE OF POSTAL & ) FEDERAL EMPLOYEES, ) ) and ) ) ALLIANCE HEALTH BENEFIT PLAN, ) ) Defendants. ) ) | Civil Action No. 03-1773 (RMC) |

**MEMORANDUM OPINION**

Plaintiff OAO Healthcare Solutions, Inc. ("OAOHS") filed suit against Defendants National Alliance of Postal and Federal Employees ("NAPFE") and Alliance Health Benefit Plan ("AHBP"). The underlying controversy involves breach-of-contract and quantum-meruit claims arising from several contracts between a federal contractor and its subcontractor. Defendants refused to pay Plaintiff after the United States Office of Personnel Management ("OPM") determined that it would not authorize payment because Plaintiff's services were unsatisfactory.

After answering the complaint, Defendants filed a motion to dismiss under Rule 19 of the Federal Rules of Civil Procedure, arguing that OPM is an indispensable party. The Court finds that OPM is not a party needed for just adjudication of the contract dispute between these parties and that dismissal under Rule 19 is not justified.

**FACTUAL ALLEGATIONS**[1]

In October 2002, OAOHS[2] entered into an Outsourcing Service Agreement ("Outsourcing Agreement") with Defendants under which OAOHS agreed to provide administrative services for claims filed by NAPFE[3] members under its health benefits plan, AHBP.[4] Under the Outsourcing Agreement, Defendants agreed to pay OAOHS certain fees and reimburse specified costs associated with servicing these claims. In December 2002, AHBP entered into a Master Services Agreement ("Master Agreement") with OAOHS. Under this agreement, OAOHS provided AHBP with software and hardware used to manage the health benefits plan. The Master Agreement involved a fee arrangement and provided for reimbursement of certain costs.[5] The complaint alleges that, despite repeated attempts to collect payments due under both the Outsourcing Agreement and the Master Agreement, Defendants have not payed OAOHS. OAOHS alleges that Defendants owe in excess of $367,000.

Defendants argue that OPM has not authorized payment and is the source of the funds for any payment due to Plaintiff. According to Defendants, OPM notified them that OAOHS was

---

[1] Unless otherwise specified, the factual allegations are taken from the complaint and those portions of Defendants' statement of material facts not in dispute.

[2] OAOHS is a healthcare information technology company.

[3] NAPFE is a national labor organization incorporated in the District of Columbia in 1925 as a not-for-profit organization.

[4] AHBP is a health benefits plan that was sponsored by NAPFE and offered by NAPFE to its members under the Federal Employees Health Benefits Program (FEHBP). Defendants withdrew from participation in the FEHBP effective December 31, 2003. The AHBP is officially closed but has been completing run-out services associated with closure of the plan.

[5] The parties also executed a Software Support and Maintenance Agreement a Software License Agreement, dated December 18 and 26, 2000, respectively. *See* Opp., Exh's. A and B.

not properly processing claims. OPM suggested that OAOHS might need to be replaced and indicated that OAOHS should not be compensated if it failed to improve its performance. By April 2003, OAOHS's performance had not improved and Defendants, with OPM's approval, informed OAOHS that a new vendor, Mutual of Omaha, would replace them effective June 1, 2003.[6]

OAOHS filed its complaint for money damages on August 21, 2003, alleging that Defendants had failed to pay amounts due under the Outsourcing Agreement and Master Agreement. On September 11, 2003, Defendants filed an answer and counterclaim, seeking damages from OAOHS for alleged breach of a Software Support and Maintenance Agreement and a Software License Agreement executed in December 2000.

## ANALYSIS

Rule 19 of the Federal Rules of Civil Procedure governs the joinder of persons needed for a just adjudication. FED. R. CIV. P. 19. It "identifies those absent parties that should be joined, if feasible, as parties to an action in order to insure a just adjudication." *Grasso v. United States Postal Serv.*, 438 F. Supp. 1231, 1234-35 (D. Conn. 1977). Whether a person must be joined under Rule 19 can only be determined in the context of a particular litigation. *Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968). This determination is largely factual and within the court's discretion. *Envirotech Corp. v. Bethlehem*, 729 F.2d 70, 75 (2d Cir. 1984).

The Rule prescribes a three-part procedure for determining whether litigation may proceed in the absence of a particular party. *Pueblo of Sandia v. Babbitt*, 47 F. Supp. 2d 49, 52 (D.D.C. 1999). The Court must determine if: 1) the absent party is necessary for a just adjudication;

---

[6] OAOHS cannot verify or does not agree with most of the facts presented by Defendants in this paragraph. *See* Opp. at 2 n.1. Insofar as it states facts that would be in OAOHS's control, the Court deems the facts contested.

2) whether that party can be joined; and 3) if joinder is not feasible, whether the action may still proceed in equity and good conscience. *Id.*

The Court must first examine whether OPM should be joined. *Primax Recoveries, Inc. v. Lee*, 260 F. Supp. 2d 43, 50-51 (D.D.C. 2003). Under Rule 19, if the absent party is subject to service of process and would not deprive the court of jurisdiction, it "shall be joined" if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

FED. R. CIV. P. 19(a). Defendants argue that "OPM controls the funds which are the subject of this dispute and is directly responsible for the decision not to pay plaintiff[]." Memo. at 3. Accordingly, Defendants argue that "OPM's presence is necessary in order to insure justice is done and that a decree can be made effective." *Id.* OAOHS responds that OPM is not a party that should be joined because OPM was not a party to any of the agreements between Plaintiff and Defendants and, therefore, the Court need not determine whether the action may proceed in equity and good conscience. Defendants respond that "OPM has a central role in this dispute and has control and oversight of the funds which the Plaintiffs seek." Reply at 3. More particularly, Defendants assert that they are no longer in possession of the funds from which Plaintiff would have been paid. *Id.*

The Federal Employees Health Benefits Act of 1959 ("Act"), 5 U.S.C. §§ 8901-13, created the Federal Employees Health Benefits Program ("FEHBP"). Under the FEHBP, postal and federal employees may purchase health insurance as a fringe benefit of government employment.

*See Burda v. Nat'l Ass'n of Postal Supervisors*, 592 F. Supp. 273, 275 (D.D.C. 1984).  The Act authorizes OPM to enter into contracts with non-governmental entities, called "carriers," that provide or reimburse the cost of health services in exchange for premiums paid by the employee and the government. *Id.*  OPM is the federal agency vested by Congress with the authority to supervise and administer all federal employee insurance programs under the Act.  *Bridges v. Blue Cross and Blue Shield Ass'n*, 889 F. Supp. 502, 503 (D.D.C. 1995).

NAPFE, a labor organization, is a carrier in the FEHBP.  Pursuant to the terms of the Act, NAPFE established AHBP in 1965 as a health insurance plan that was open to its members and their dependents.[7]  Under the FEHBP framework, NAPFE or AHBP is a government contractor to OPM.  AHBP and NAPFE, in turn, contracted with OAOHS to provide administrative claims services to the AHBP beneficiaries.

Importantly, OAOHS was only a subcontractor and not in privity with OPM.  Its relationship with Defendants under the contracts was distinct from any relationship between Defendants and OPM.  For example, the Outsourcing Agreement specified that "OAOHS' [sic] relationship to [Defendants] in the performance of this agreement is that of an independent contractor." Compl., Exh. A, Outsourcing Agreement ¶ 2.9.  Therefore, although Defendants may believe that OPM would aid in the disposition of this litigation and despite its supervisory authority over activities under the Act, OPM is not integral to the fair disposition of the contract claims at issue and need not be joined under Rule 19(a)(1).  *See, e.g.*, *Sorrels Steel Co., Inc. v. Great*

---

[7] As a participant and carrier in the FEHBP, NAPFE is obligated to operate the AHBP in accordance with the standards set forth in the statutory scheme and annual contract with OPM.  Upon entering into the agreements with Defendants, OAOHS acknowledged the application of regulatory requirements governing their performance and compensation as an FEHBP subcontractor.

*Southwest Corp.*, 906 F.2d 158, 168 (5th Cir. 1990) (party not indispensable because complete relief, including a damage award, can be afforded).[8]

Even if OPM should be joined in this case, it is not feasible to do so because the Court does not have subject-matter jurisdiction over claims brought against OPM. The Tucker Act, 28 U.S.C. § 1346(a)(2), gives the district courts limited jurisdiction, concurrent with the Federal Court of Claims over

> Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort . . . .

29 U.S.C. § 1346(a)(2). If OAOHS has any enforceable rights against OPM, they are dependent on OAOHS's position as a subcontractor in the FEHBP. Similarly, any claim by Defendants for contribution from OPM in the event of a recovery by OAOHS in this litigation is dependent upon their former role as government contractors. The complaint seeks to recover well in excess of $10,000 and no tort has been alleged in the complaint or in Defendants' counterclaim. This Court is without jurisdiction to adjudicate the potential liability of OPM to either OAOHS or Defendants because "the Tucker Act provides that such claims are within the exclusive jurisdiction of the Court of Claims." *Grasso*, 438 F. Supp. at 1234.

If OPM cannot be joined, the Court would be required to determine whether OPM is an indispensable party under Rule 19(b), such that "in equity and good conscience," the case should be dismissed. Rule 19(b) provides four factors to be considered in making this judgment: (1)

---

[8] As OPM has not claimed an interest relating to the subject matter of the action, Rule 19(a)(2) is inapplicable.

"to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties;" (2) the extent to which the prejudice can be lessened or avoided by protective provisions or the nature of the relief; (3) "whether a judgment rendered in the person's absence will be adequate;" and (4) "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." FED. R. CIV. P. 19(b).

Defendants argue that any judgment against them "in the absence of OPM would be prejudicial and expose them to inconsistent obligations . . . [and a] judgment against Defendant's [sic] would require additional litigation with OPM regarding the performance and payment of another vendor for work which Plaintiffs [sic] are now claiming compensation for." Reply at 3. The Court finds that, although it would certainly be more convenient and expeditious if all issues could be resolved in a single lawsuit, equity does not demand dismissal of this case. At base this is a commercial contract dispute between a federal contractor and its subcontractor as to which it is not necessary that the federal agency have party status. In addition, there is a very real risk that the plaintiff would have no adequate remedy if this action were dismissed.

The Court finds that OPM is not a party needed for just adjudication of the contract dispute between these parties and dismissal under Rule 19 is not justified. Defendants' Motion to Dismiss will be **DENIED**. A separate order accompanies this memorandum opinion.

DATE: January 18, 2005.                    /s/
                                            ROSEMARY M. COLLYER
                                            United States District Judge